IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| THE NATIONAL ORGANIZATION FOR MARRIAGE, INC., | ) ) ) | Case No. Case 1:13-cv-01225-JCC-IDD |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| UNITED STATES OF AMERICA and INTERNAL REVENUE SERVICE, | ) ) ) | |
| Defendants. | ) ) | |

## ANSWER

The United States of America, through its attorneys, answers the Verified Complaint filed by Plaintiff the National Organization for Marriage, Inc.  In answering the complaint, the United States denies each and every allegation therein that is not specifically admitted below.[1]

## FIRST DEFENSE

The United States of America is the only proper defendant.  The express language of 26 U.S.C. § 7431 authorizes suit only against the United States, and not its agencies or employees, including the Internal Revenue Service.

## SECOND DEFENSE

Plaintiff's claims are untimely and barred by the applicable two year statute of limitations.  *See* 26 U.S.C. § 7431(d).

---

[1] On November 26, 2013, this Court granted Plaintiff's unopposed motion to withdraw its jury demand.  [DE # 32.] To the extent a response is required, the United States denies that Plaintiff is entitled to a jury trial for an action arising under 26 U.S.C. § 7431(a).

<u>THIRD DEFENSE</u>

The United States responds to the numbered allegations in Plaintiff's Verified Complaint as follows:

**Introduction**

1.      Paragraph 1 is a characterization of the Verified Complaint to which no response is, or may be, required.  To the extent a response may be required, pursuant to 26 U.S.C. § 7431, the United States admits Plaintiff filed suit seeking damages resulting from the alleged unlawful inspection and/or disclosure of its confidential return and return information in violation of 26 U.S.C. § 6103.

2.      The United States denies the allegations contained in the first two sentences of paragraph 2.  With regards to the third sentence, the United States admits that information contained in the unredacted version of Plaintiff's 2008 Form 990 Schedule B (Schedule of Contributors) was published on the internet in the spring of 2012.  With regards to the remaining allegations contained in the third sentence pertaining to the third parties who published the information, the United States lacks knowledge or information sufficient to form a basis as to the truth of the allegations.  The United States denies the allegations contained in the last two sentences of paragraph 2.

3.      Paragraph 3 is a characterization of the Verified Complaint to which no response is, or may be, required.  To the extent a response may be required, the United States admits Plaintiff filed suit seeking damages under 26 U.S.C. § 7431 resulting from the alleged unlawful inspection and disclosure of its confidential return and return information in violation of 26 U.S.C. § 6103.

4.      The United States admits that this Court has jurisdiction over this Verified Complaint and that venue is proper in accordance with 28 U.S.C. § 1391(e) (as opposed to 12 U.S.C. § 1391(e)).

5.      The United States lacks knowledge or information sufficient to form a basis as to the truth of the allegations contained in paragraph 5.

## The Parties

6.      Admits.

7.      The United States denies that the "United States of America, IRS" is a proper defendant for an action brought under 26 U.S.C. § 7431(a), but admits that the "United States" is a proper party to this action.

## Factual Allegations

### Unauthorized Inspection and Disclosure of NOM's Confidential Return Information

8.      The United States admits that NOM was founded in 2007.  The United States lacks knowledge or information sufficient to form a basis as to the truth of the remaining allegations contained in paragraph 8.

9.      Admits.

10.      Paragraph 10 is a legal statement to which no response is, or may be, required. To the extent a response may be required, the United States admits that tax exempt organizations are required to file an annual Form 990 return.

11.      The United States admits that the Form 990 Schedule B requires that a tax exempt organization provide the following information for persons who have contributed more than $5,000 during the tax year: donor name, address and total amount of contributions made to the organization.  The United States denies the remaining allegations as written in paragraph 11.

12.     The first sentence of paragraph 12 is a legal statement to which no response is, or may be, required.  To the extent a response may be required and in accordance with the Internal Revenue Code, the United States admits that certain portions of a tax exempt entity's Form 990 must be made available for public inspection.  With regards to the second sentence, the United States admits that Plaintiff posts certain portions of its 2007 to 2012 Form 990s on its website, *see* http://www.nationformarriage.org/financial-reports/.  With regards to the third sentence, the United States admits that a tax exempt organization's unredacted Schedule B is filed with the IRS, but lacks knowledge or information sufficient to form a basis as to the truth of the remaining allegations contained therein.  With regards to the final sentence in paragraph 12, the United States admits that this is an excerpted quotation from 26 U.S.C. § 6104(b).

13.     The United States admits that, after taking into account requested extensions, Plaintiff timely filed its IRS Form 990 returns for tax years 2007 through 2012.

14.     With regards to the first sentence of paragraph 14, the United States denies that an individual employed by the IRS "unlawfully inspected and [then] disclosed" Plaintiff's 2008 Form 990 unredacted Schedule B (Schedule of Contributors) to "one or more persons at the HRC."  The United States lacks knowledge or information sufficient to form a basis as to the truth of the remaining allegations contained in the first sentence of paragraph 14.  The United States denies the allegations contained in the second sentence of paragraph 14.

15.     The United States lacks knowledge or information sufficient to form a basis as to the truth of the allegations contained in paragraph 15.

16.     The United States admits that the Huffington Post's website currently contains an article dated March 30, 2012 with a link to Plaintiff's 2008 Form 990 unredacted Schedule B. The United States further admits that the March 30, 2012 article claims that the Huffington Post

received this information from the Human Rights Campaign ("HRC") and that HRC received this document from an unidentified "whistleblower."

17.     The United States lacks knowledge or information sufficient to form a basis as to the truth of the allegations contained in paragraph 17.

18.     The United States admits that HRC's website does not currently contain Plaintiff's 2008 Form 990 unredacted Schedule B.  The United States lacks knowledge or information sufficient to form a basis as to the truth of the remaining allegations contained in paragraph 18.

19.     The United States admits that the Huffington Post's website currently contains Plaintiff's 2008 Form 990 unredacted Schedule B.  The United States lacks knowledge or information sufficient to form a basis as to the truth of the remaining allegations contained in paragraph 19.

20.      The United States admits that Exhibit A to Plaintiff's Verified Complaint contains a screen print from the HRC website that appears to contain IRS markings.  The United States further admits that Plaintiff's 2008 Form 990 unredacted Schedule B continues to appear on the Huffington Post website.  The United States lacks knowledge or information sufficient to form a basis as to the truth of the remaining allegations contained in paragraph 20.

21.     The United States admits that the excerpts of the document attached as Exhibit A to Plaintiff's Verified Complaint has "THIS IS A COPY OF A LIVE RETURN FROM SMIPS. OFFICIAL USE ONLY" on the top of the page and diagonally on the center of the page the number "100560209."  The United States denies that each page of Plaintiff's 2008 Form 990 Schedule B on the IRS system has the number "100560209" stamped diagonally on it.

22.     Paragraph 22 contains a reference to a January 1, 2012 version of the Internal Revenue Manual section 3.11.12.1.26 that requires no response.  To the extent a response is required and as provided in the Internal Revenue Manual, the United States admits that the referenced language is added to certain returns as specified therein and states that the referenced section has been amended since January 1, 2012.

23.     The United States admits that the markings referenced in paragraphs 21 and 22 were added after Plaintiff filed its Form 2008 Form 990 and that the number 100560209 was added when the particular copy of the return was printed from the IRS's system.  The United States denies that the IRS disclosed the referenced copy of Plaintiff's unredacted Form 990 Schedule B to HRC or the Huffington Post.

24.     The United States lacks knowledge or information sufficient to form a basis as to the truth of the allegations contained in paragraph 24, including the reference to Exhibit A. Upon information and belief, the right side of Exhibit A contains IRS markings that were added after Plaintiff filed its 2008 Form 990.

25.     The United States denies the legal statement contained in the first sentence of paragraph 25.  With regards to the second sentence of paragraph 25, the United States admits that there are exceptions permitting the disclosure of taxpayer returns and taxpayer return information to government officials and otherwise denies Plaintiff's characterizations of these exceptions.

26.      The United States lacks knowledge or information sufficient to form a basis as to the truth of the allegations contained in paragraph 26 and the attached affidavits constituting Exhibit B.

27.     The United States lacks knowledge or information sufficient to form a basis as to the truth of the allegations contained in paragraph 27.

28.     The United States denies the allegations contained in paragraph 28.

29.     The United States admits that third parties, including magazines, blogs and other websites, published stories about Plaintiff's 2008 Form 990.  The United States lacks knowledge or information sufficient to form a basis as to the truth of the remaining allegations contained in paragraph 29.

30-32.  The United States lacks knowledge or information sufficient to form a basis as to the truth of the allegations contained in paragraphs 30 through 32.

33.     The United States denies that the IRS "illegally released Plaintiff's confidential Schedule B" to its "fiercest political enemies."  The United States lacks knowledge or information sufficient to form a basis as to the truth of the remaining allegations contained in paragraph 33.

34-36.  The United States lacks knowledge or information sufficient to form a basis as to the truth of the allegations contained in paragraphs 34 through 36.

37.     Paragraph 37 contains legal statements to which no response, is, or may be, required.  To the extent a response to second sentence of paragraph 37 is required, the United States admits that Plaintiff accurately quoted an excerpted portion of 26 U.S.C. § 7213(a)(3).

38.     The first sentence of paragraph 38 contains a legal statement to which no response, is, or may be, required.  With regards to the second sentence, the United States admits that it has provided no notice to Plaintiff that a person was criminally charged for unlawfully disclosing Plaintiff's 2008 Form 990 unredacted Schedule B.  To the extent included in Plaintiff's allegation, the United States denies that Plaintiff is entitled to any more information than what is specified in 26 U.S.C. § 7431(e).

39.     The United States admits that HRC has not been prosecuted for publishing Plaintiff's 2008 Form 990 unredacted Schedule B.  The United States can neither confirm nor deny whether HRC has been investigated "for publishing the Confidential Return Information in violation of federal law."

40.    The United States admits that Huffington Post has not been prosecuted for publishing Plaintiff's 2008 Form 990 unredacted Schedule B.  The United States can neither confirm nor deny whether Huffington Post has been investigated "for publishing the Confidential Return Information in violation of federal law."

41.     The United States admits that the Ways and Means Committee of the United States House of Representatives conducted a hearing on May 17, 2013.  The United States further admits that then Acting IRS Commissioner Steven T. Miller testified.  The United States also admits that Miller was asked questions about Plaintiff and ProPublica.  With regards to the remaining allegations contained in paragraph 41, the United States denies the Plaintiff's characterizations of these questions.  Finally, the United States lacks knowledge or information sufficient to form a basis as to the truth of the website citations listed in paragraph 41.

42.     The United States admits that Plaintiff quoted then Acting Commissioner Miller's general testimony pertaining to Treasury Inspector General for Tax Administration's ("TIGTA") investigations.  The United States lacks knowledge or information sufficient to form a basis as to which part of Mr. Miller's testimony related specifically to the alleged disclosure of Plaintiff's 2008 Form 990 unredacted Schedule B.  To the extent implied, the United States denies that these investigations were related to one another.

43.     The United States admits that the Ways and Means Committee of the United States House of Representatives conducted a hearing on May 17, 2013.  The United States

further admits that J. Russell George, Treasury Inspector General for Tax Administration, testified at the hearing and was asked questions pertaining to the disclosure of Plaintiff's 2008 Form 990 unredacted Schedule B.  The United States denies the remaining allegations contained in paragraph 43.

44.     The United States admits that George testified that TIGTA conducted a review of the disclosure of Plaintiff's 2008 Form 990 unredacted Schedule B and that the review was "not ongoing."

### NOM's Exhaustive Efforts to Determine the Source of the Confidential Return Information Disclosure

45.     The United States lacks knowledge or information sufficient to form a basis as to the truth of the allegations contained in paragraph 45.

46.     The United States admits that TIGTA received a letter dated April 11, 2012 from Plaintiff regarding the disclosure of its 2008 Form 990 Schedule B and that it demanded an investigation into the disclosure.  The United States denies the remaining allegations characterizing this letter.

47.     Admits.

48.     The United States admits that a TIGTA investigator interviewed Plaintiff's Chairman on April 16, 2012 regarding Plaintiff's April 11, 2012 letter and the allegations contained therein.

49.     The United States admits that Plaintiff's President and its legal counsel met with TIGTA investigators on April 27, 2013 and provided information in response to questions provided by the TIGTA investigators.  The United States denies the remaining allegations contained in paragraph 49.

50.     The United States admits that Senator Orrin Hatch sent a letter to the then-IRS Commissioner requesting that the IRS investigate any unauthorized disclosure of Plaintiff's 2008 Form 990 Schedule B and that the cited article references that letter.  The United States lacks knowledge or information sufficient to form a basis as to any other unidentified items included in the referenced article or the authenticity of the article.

51.     The United States admits that TIGTA investigated the allegations regarding the disclosure of Plaintiff's 2008 Form 990 unredacted Schedule B as detailed in Plaintiff's April 11, 2012 letter.

52.     The United States admits that neither the IRS nor TIGTA has revealed to Plaintiff the results or conclusions of its investigations nor any details or information concerning the disclosure of Plaintiff's 2008 Form 990 unredacted Schedule B.  The United States denies the remainder of the allegations contained in paragraph 52.

53.   The United States admits that the IRS and TIGTA have received FOIA and Privacy Act requests seeking information about TIGTA's investigation and other information pertaining to the disclosure of Plaintiff's 2008 Form 990 unredacted Schedule B.

54.     The United States admits that the IRS has not produced records pertaining to TIGTA's investigation and that it has referred Plaintiff to TIGTA.  The United States denies the remaining allegations contained in paragraph 54.

55.     The United States admits that TIGTA responded to Plaintiff's FOIA requests and has not produced records regarding the underlying conclusions or specifics of its investigation. The United States denies any allegation that this information or records should have been produced or that the withholding was improper under the applicable law or any other allegation contained in paragraph 55.

56.     The United States admits that Plaintiff submitted a third FOIA request on May 9, 2013, that the IRS acknowledged receipt of the request on May 31, 2013, and that it sent a June 10, 2013 letter indicating it would need additional time to respond.  The United States lacks knowledge or information sufficient to form a basis as to the truth of Plaintiff's interpretation of these documents.

57.     The United States admits that the IRS sent a letter, dated August 6, 2013, to Plaintiff that indicated that it "located no records responsive to your request for the years 2007 to the present."  The United States also admits that a true and correct copy of that letter is attached as Exhibit D.  The United States denies the remaining allegations characterizing this letter.

58.     The United States admits that Plaintiff filed administrative appeals resulting from the responses to its FOIA requests.  The United States further admits that additional documents were produced in response to those administrative appeals.  The United States denies that Plaintiff was entitled to anything more than what it received and denies the remaining allegations contained in paragraph 58.

59.     Paragraph 59 contains legal statements to which no response is, or may be, required.  To the extent required, the United States admits that the referenced statutes exist and that Plaintiff accurately quoted from a section of the Federal Register pertaining to the disclosure of TIGTA's records.  The United States denies that TIGTA failed to comply with the referenced laws.

60.     The United States admits that Plaintiff's President and Chairman made a Privacy Act request seeking the three identified requests for information and records.

61.     The United States admits that TIGTA sent a letter dated May 3, 2013 and that it did not provide the requested information and records.  The United States denies that this was improper or that Plaintiff had a right to receive this information or records.

62.     The United States admits that TIGTA and the IRS have not provided the information Plaintiff requested, but denies that this was improper and denies the remaining allegations contained in paragraph 62.

63.     The United States admits that 26 U.S.C. § 6103 governs Plaintiff's information and records requests and that it was proper for TIGTA to withhold the requested information and records as stated in TIGTA's May 3, 2013 letter.  The United States denies the remaining allegations contained in paragraph 63.

64.     The United States lacks knowledge or information sufficient to form a basis as to the truth of the allegations contained in paragraph 64.

65.     Admits.

66.     The United States admits that TIGTA denied the appeal and that it sent a letter containing its reasons, including the excerpted quotation.

67.     The United States admits that federal law prohibited it from disclosing the information Plaintiff requested and that federal law allowed TIGTA and the IRS to answer questions and provide information to the United States House of Representatives, as generally referenced in paragraphs 41 through 44 of the Complaint.  The United States denies the remaining allegations contained in paragraph 67.

68.     The United States admits that ProPublica sent the requested letter, and the referenced link appears to be an article pertaining to the request.  The United States lacks

knowledge or information sufficient to form a basis as to the truth of the remaining allegations contained in paragraph 68.

69.    The United States admits that the IRS sent a response to ProPublica and that the quote contains a portion of the IRS's response, but denies that the referenced letter relates in any way to the disclosures and inspections alleged by Plaintiff in its Verified Complaint.

70.    The United States denies the allegations contained in paragraph 70.

71.    Paragraph 71 is a legal statement to which no response is, or may be, required. To the extent a response is required, the United States admits that the disclosure of taxpayer return information can be a violation of federal law that may be subject to criminal and civil penalties.

### A Pattern of Unscrupulous Behavior Toward Philosophically Conservative Organizations

72.    The United States denies the allegations contained in paragraph 72.

73-75.  The United States lacks knowledge or information sufficient to form a basis as to the truth of the allegations contained in paragraphs 73 through 75.

76.    The United States admits that from approximately 2005 until March 2012 Joe Solmonese was the president of HRC.  The United States lacks knowledge or information sufficient to form a basis as to the truth of the remaining allegations contained in paragraph 76.

77.    The United States admits that Solmonese left HRC to become one of 35 national co-chairmen of President Barack Obama's re-election campaign.  The United States lacks knowledge or information sufficient to form a basis as to the truth of the remaining allegations contained in paragraph 77.

78.    The United States admits that the IRS inadvertently disclosed one copy of Plaintiff's 2008 Form 990 unredacted Schedule B to a single third party.  The United States

denies that it disclosed this 2008 Form 990 unredacted Schedule B to HRC or any additional

third parties or that the IRS's inadvertent disclosure occurred during President Barack Obama's

re-election campaign.  The United States denies that any unauthorized inspections occurred as

part of the single disclosure.  The United States admits that HRC published information

pertaining to Plaintiff's 2008 Form 990 unredacted Schedule B during President Obama's re-

election campaign.

79.     The United States lacks knowledge or information sufficient to form a basis as to

the truth of the first sentence of paragraph 79.  With regards to the second sentence, the United

States admits that the IRS inadvertently disclosed Plaintiff's unredacted 2008 Form 990

Schedule B to one third party and denies that it made the disclosure to HRC or any other third

party.  The United States further admits that Proposition 8 was on the ballot in California in

2008.  The United States lacks knowledge or information sufficient to form a basis as to the truth

of the remaining allegations contained in paragraph 79.

80.     The United States lacks knowledge or information sufficient to form a basis as to

the truth of the allegations contained in paragraph 80.

81.     The United States denies the allegations contained in paragraph 81.

82-89.  The United States denies the characterizations of these allegations, as they relate

to the issues in this case and states that the United States cannot answer such allegations without

disclosing taxpayer information in violation of 26 U.S.C. § 6103.  With regards to the issues in

this case and the information that can be disclosed without violating 26 U.S.C. § 6103, the

United States lacks knowledge or information sufficient to form a basis as to the truth of the

remaining allegations contained in paragraphs 82-89.  The United States avers that other alleged

cases of unlawful or inappropriate disclosures by the IRS are unrelated to the single, inadvertent

disclosure by the IRS of Plaintiff's 2008 Form 990 unredacted Schedule B to a third party in this case.

90.     The United States admits that the IRS is currently the subject of congressional investigations, that hearings have occurred and Congress interviewed IRS employees.  The United States denies the remaining allegations contained in paragraph 90.

91.     The United States states that Plaintiff's quotation of 26 U.S.C. § 7431(c)(1)(B)(ii) requires no response.  If a response is required, the United States admits that punitive damages are allowed in certain cases, but denies they are applicable in this case.

92.     The United States denies the allegations contained in paragraph 92.

## Claims for Relief

## COUNT I

**Violation of 26 U.S.C. § 6103 – Willful or Grossly Negligent Unauthorized Disclosure**

93.     The United States incorporates its responses to paragraphs 1 through 92, as if fully stated herein**.**

94.     Paragraph 94 is a legal statement and excerpted quotation from 26 U.S.C. § 6103 that requires no response.  If a response is required, the United States admits that section 6103 prohibits the disclosure and inspection by certain persons of a taxpayer's return or return information, except as authorized in the statute.

95.     Paragraph 95 is a legal statement interpreting 26 U.S.C. § 7431 that requires no response.  If a response is required, the United States admits that section 7431 provides for a cause of action against the United States if a litigant satisfies specific statutory requirements.

96.     Paragraph 96 is a legal quotation from 26 U.S.C. § 6103(b)(1) that requires no response.  To the extent a response is required, the United States admits that "Return" is accurately defined.

97.     Paragraph 97 is a legal quotation from 26 U.S.C. § 6103(b)(2)(A)-(B) that requires no response.  To the extent a response is required, the United States admits that "Return information" is accurately defined.

98.     The United States admits that Plaintiff's 2008 Schedule B was included within Plaintiff's "return" in accordance with the Internal Revenue Code.

99.     The United States admits that certain portions of Plaintiff's Schedule B are confidential and can only be disclosed in accordance with the Internal Revenue Code and any other applicable law.  The United States denies that the entire Schedule B is confidential or that it can never be disclosed.

100.    Paragraph 100 is a legal statement that requires no response.  To the extent a response is required, the United States admits that generally the name or address of a contributor to a tax exempt organization is not to be publicly disclosed.  The IRS denies that it is never authorized to publicly disclose the information.

101.    Paragraph 101 is a legal quotation from 26 U.S.C. § 6103(b)(8) that requires no response.  To the extent a response is required, the United States admits that "disclosure" is accurately defined.

102-103.        The United States denies the allegations contained in paragraphs 102 and 103.

104.    The United States denies the first sentence of paragraph 104.  With regards to the second sentence of paragraph 104, the United States admits that former IRS Acting

Commissioner Miller and Inspector General George testified during the May 17, 2013 Ways and Means Committee hearing concerning the IRS. With regards to the referenced testimony, the United States lacks knowledge or information sufficient to form a basis as to which part of Mr. Miller's testimony related specifically to the alleged disclosure of Plaintiff's 2008 Form 990 unredacted Schedule B.

105.     Assuming that Plaintiff otherwise establishes the other applicable statutory requirements, the United States admits that the IRS's inadvertent single disclosure of Plaintiff's 2008 Form 990 unredacted Schedule B to a third party was not authorized by 26 U.S.C. § 6103. The United States denies that there were any other violations of 26 U.S.C. § 6103.

106.     Upon information and belief that Plaintiff did not request this information through the third party, the United States admits that an IRS employee made one inadvertent disclosure of Plaintiff's 2008 Form 990 unredacted Schedule B to a third party that did not result from a "good faith, but erroneous interpretation of section 6103."

107.     Upon information and belief that Plaintiff did not request this information through the third party, the United States admits that an IRS employee's one inadvertent disclosure of Plaintiff's 2008 Form 990 unredacted Schedule B to a third party was not requested by Plaintiff.

108.     Assuming the disclosure was not requested by Plaintiff through the third party, then an IRS employee's one inadvertent disclosure of Plaintiff's 2008 Form 990 unredacted Schedule B violated 26 U.S.C. § 6103.

109.     The United States denies that all "donors to 501(c)(4) organizations rely on the IRC's prohibition of disclosure of information to protect their confidentiality and their right to freedom of association." The United States further denies the remaining allegations contained in paragraph 109.

## COUNT II

### Violation of 26 U.S.C. § 6103 – Willful or Grossly Negligent Unauthorized Inspection

110.    The United States incorporates and restates its responses to paragraphs 1 through 109, as if fully stated herein.

111.    Paragraph 101 is a legal statement referencing the definitions of "inspection" and "inspected" from 26 U.S.C. § 6103(b)(7) to which no response is, or may be, required.  To the extent a response is required, the United States admits that "inspection" and "inspected" are defined.

112.    The United States admits that an IRS employee inspected Plaintiff's 2008 Form 990, but denies that any inspection was illegal, as well as the remaining allegations contained in paragraph 112.

113-117.  The United States denies the allegations contained in paragraphs 113 through 117.

### Damages

118.    Paragraph 118 is a legal statement that requires no response.  To the extent a response is required, the United States admits that the section 7431 authorizes statutory, actual and punitive damages as provided for in the statute.

119.    Paragraph 119 is a legal statement that requires no response.  To the extent a response is required, the United States admits that 26 U.S.C. § 7431 authorizes punitive damages as provided for in the statute.

120.    The United States denies the allegations contained in paragraph 120.

121.    The United States denies the first sentence contained in paragraph 121.  With regards to the second sentence, the United States admits that, to the extent this action has been

brought within the two-year statute of limitations and Plaintiff otherwise establishes that it did not request the information through a third party, the government is liable to Plaintiff for $1,000 for one inadvertent disclosure of Plaintiff's 2008 Form 990 unredacted Schedule B.  The United States denies the remaining allegations contained in the second sentence of paragraph 121.

122.     The United States denies the allegations contained in paragraph 122.

123.     The United States denies that it owes Plaintiff actual damages for an IRS employee's single inadvertent disclosure of Plaintiff's 2008 Form 990 unredacted Schedule B.

124.     The United States denies that it owes Plaintiff for any actual damages for lost contributions as contained in paragraph 124.

125.     The United States denies that it owes Plaintiff for any actual damages for legal fees and costs incurred as a result of an IRS employee's single inadvertent disclosure of Plaintiff's 2008 Form 990 unredacted Schedule B.

126.     WHEREFORE, having answered Plaintiff's Verified Complaint, assuming that Plaintiff establishes a violation of section 6103 and that its claim is timely, the United States requests that this Court (i) deny Plaintiff's claims for actual and punitive damages, attorneys' fees and costs, (ii) award Plaintiff only $1,000 in statutory damages, and (iii) deny all other relief and grant such just and appropriate relief as stated below.

**Prayer for Relief**

127.     The United States denies that the Plaintiff is entitled to the relief requested in paragraph 127 in accordance with applicable law.

128.     The United States denies that Plaintiff is entitled to the requested permanent injunction in paragraph 128.

129.     The United States admits that Plaintiff, if it establishes a violation of section 6103

and that it has brought this action within the applicable two year statute of limitations, should be

awarded $1,000 for one inadvertent disclosure of its 2008 Form 990 unredacted Schedule B, but

denies that the government is liable for any "intentional subsequent disclosures" under 26 U.S.C.

§ 7431 (or any other applicable law).

130-136.     Other than the $1,000 referenced in paragraph 129, the United States

denies that Plaintiff is entitled to any other relief, including additional statutory damages, actual

damages, punitive damages, costs, attorneys' fees, or any other relief, as stated in paragraphs 130

through 136.

Date: December 2, 2013

KATHRYN KENEALLY
Assistant Attorney General
Tax Division

PHILIP M. SCHREIBER*
BENJAMIN L. TOMPKINS*
CHRISTOPER D. BELEN
Trial Attorneys, Tax Division
U.S. Department of Justice
Post Office Box 14198
Ben Franklin Station
Washington, DC  20044
(202) 514-6069 (Mr. Schreiber)
(202) 514-5885 (Mr. Tompkins)
(202) 307-2089 (Mr. Belen)
Fax:  202 514-9868
E-Mail: philip.m.schreiber@usdoj.gov
           benjamin.l.tompkins@usdoj.gov
           christopher.d.belen@usdoj.gov

DANA J. BOENTE
ACTING UNITED STATES ATTORNEY

By:  _____/s/_____

David Moskowitz
Assistant U.S. Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
Telephone: (703) 299-3845
Fax: (703) 299-3983
E-Mail: david.moskowitz@usdoj.gov

*Attorneys for the United States of America*

\* Admitted pro hac vice

**CERTIFICATE OF SERVICE**

I hereby certify that on December 2, 2013, I electronically filed the foregoing Answer with the Clerk of Court using the CM/ECF system, which will automatically serve a notice of this filing upon all attorneys of record.

_____/s/_____
David Moskowitz
Assistant U.S. Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
Telephone: (703) 299-3845
Fax: (703) 299-3983
E-Mail: david.moskowitz@usdoj.gov
