UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| THE NATIONAL ORGANIZATION FOR MARRIAGE, ) ) ) Plaintiff, ) ) v. ) ) THE UNITED STATES OF AMERICA, ) INTERNAL REVENUE SERVICE, ) ) Defendant. ) ) | Case No. 13-01225-JCC-IDD |

## AGREED DISCOVERY CONFIDENTIALITY ORDER

THIS CAUSE came before the Court on the Joint Motion for Entry of Agreed Discovery Confidentiality Order, and it appearing that discovery in the above-captioned action is likely to involve the disclosure of confidential information, it is ORDERED as follows:

1. Any party to this litigation and any third-party that executes Exhibit "1" to this Order ("Covered Third Party") shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing: (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other proprietary or confidential business information, or (b) that contains private, confidential, or statutorily or constitutionally protected personal or business information, including that of persons or entities that have made donations to Plaintiff, or (c) which the producing party otherwise believes in good faith to be entitled to protection under Federal Rule of Civil Procedure 26(c). Any party to this litigation or Covered Third Party who produces or discloses any Confidential material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the words:

"CONFIDENTIAL- SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER – N.O.M. v. United States, 13-1225 (E.D. Va.)" (hereinafter "Confidential"). Electronically Stored Information ("ESI") may be designated as confidential. The party producing the storage device containing confidential ESI must label the device with the words: "CONFIDENTIAL- SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER – N.O.M. v. United States, 13-1225 (E.D. Va.)."

2. Confidential material may be used or disclosed by the receiving party only for purposes of preparing for and conducting the prosecution or defense of this action, including any appeals. More specifically, Confidential material may be used as evidence or for impeachment purposes in the context of depositions, dispositive motions and hearings, and at trial. Confidential material shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph 3, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court.

3. The parties and counsel for the parties shall not disclose or permit to be disclosed any documents or information designated as Confidential under this Order to any other person or entity, except that disclosures may be made in the following circumstances:

    a. To any attorney representing a party to this litigation, whether an employee of the party or outside counsel to the party;

    b. Disclosure may be made to employees of an attorney representing a party to this litigation, and employees of the Department of Justice or the Department of the Treasury, including the Office of Chief Counsel and the Internal Revenue Service, to properly accomplish any purpose or activity described in 26 U.S.C. §§ 6103(h) or (k) and the regulations thereunder, which is appropriate in handling

this case. Any such employee to whom a disclosure is made must be advised of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence.;

c. Disclosure may be made to any independent outside experts or consultants retained by the parties or their counsel for purposes of this action, plus any employees or subcontractors of the independent outside experts or consultants retained by the parties or by their counsel for purposes of this litigation in paraprofessional, clerical, stenographic, data processing, litigation support, and ministerial positions, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit "1";

d. The Court and court personnel;

e. Disclosures may be made to any fact witnesses or potential fact witnesses when a good faith determination is made that the documents would be relevant to their testimony or potential testimony. Such persons shall be informed of this Confidentiality Order, that it applies to them, and be given a copy of the Order if requested;

f. Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials;

    g.    Any present and/or former owner, officer, member and/or manager of the Plaintiff who are required to participate in decisions with reference to this lawsuit; and

    h.    Any present and/or former owner, officer, member and/or manager of Plaintiff who was involved in the subject matter of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit "1".

4.    Confidential material shall be used only by individuals permitted access to it under Paragraph 3. Confidential material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

5.    With respect to any depositions that involve a disclosure of Confidential material, the portion of the deposition regarding the Confidential material may be designated as confidential, if such designation is made on the record at the time of the deposition or if the party claiming confidentiality, or its counsel, is not present at the deposition, then such party shall have until ten (10) days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated Confidential. This period may be extended by agreement of the parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 3 above and the deponent during these ten (10) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 3 above during said ten (10) days. Upon being informed that certain portions of a deposition are to be designated as Confidential, all parties shall immediately cause each copy of the transcript in its custody or

control to be appropriately marked and limit disclosure of the designated portion(s) of the transcript in accordance with this Confidentiality Order.

6. If counsel for a party receiving documents or information designated as Confidential hereunder objects to such designation of any or all of such items, the following procedure shall apply:

(a) Counsel for the objecting party shall serve on the designating party or Covered Third Party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating party or Covered Third Party shall respond in writing to such objection within ten (10) days, and shall state with particularity the grounds for asserting that the document or information is Confidential. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party or Covered Third Party makes a timely response to such objection asserting the propriety of the designation, counsel shall then meet and confer in good faith in an effort to resolve the dispute.

(b) If a dispute as to a Confidential designation of a document or item of information cannot be resolved by agreement, the designating party may move for a ruling from the Court, designating the material as confidential or for other similar protection, within fourteen (14) days after the expiration of the ten (10) day period referenced in (a) above. The document or information that is the subject of the filing shall be treated as originally designated pending resolution by the Court. If the parties disagree about whether the information is Confidential and the designating party does not timely move the Court, then the document, information, or testimony is deemed to be not confidential.

7. All requests to seal documents filed with the Court shall comply with Local Civil Rule 5 of the Local Rules for the United States District Court for the Eastern District of Virginia.

8. If the need arises for any party to disclose Confidential information in support of a dispositive motion, it may do so only after giving seven (7) days' notice to the producing party who, after a good faith effort to meet-and-confer, may seek additional relief from the Court.

9. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document or thing as Confidential under this Discovery Confidentiality Order.

10. This Discovery Confidentiality Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Discovery Confidentiality Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms, and without prejudice to the parties' modification by written agreement.

11. Nothing in this Order, including the provisions for resolving disputes regarding the designation of certain material as Confidential, shall serve as the basis for refusing to produce

that particular material or any other information as required by the Federal Rules of Civil Procedure.

12. Notwithstanding any provision of this Order, where counsel believe confidential information or documents, either on its face or in conjunction with other information, indicates a violation or potential violation of law – criminal, civil, or regulatory in nature – the relevant information may be disclosed to the appropriate federal, state, local, foreign, or tribal law enforcement or regulatory authority or other appropriate agency charged with the responsibility of investigating or prosecuting such a violation or enforcing or implementing such law.

13. Notwithstanding any provision of this Order, the parties may disclose confidential information or documents if necessary to comply with a subpoena or court order, whether or not originating with the Court in this captioned civil action. Within seven (7) days of when it is recognized that disclosure of confidential information or documents is required to comply with a subpoena or court order, the party shall give prompt written notice to the designating party of the impending disclosure, unless otherwise prohibited by law.

14. This Discovery Confidentiality Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

15. Upon final conclusion of this litigation, including appeals, all material designated as Confidential in accordance with this Order shall either be destroyed or returned to the designating party within sixty (60) days after the conclusion of the litigation, except with respect to (a) material that becomes a part of the Court record in this matter or any appeals; (b) work product of counsel; (c) transcripts, exhibits, and other documents required to be maintained by the Department of Justice's written record retention policy as necessary for an understanding the

outcome of the case, providing that all such Confidential material that is contained in the retained materials must be maintained in accordance with the provisions hereof.

    DONE and ORDERED in Chambers in Alexandria, Virginia, this 22nd day of January, 2014.

                                                  /s/
                                          Ivan D. Davis
                                      United States Magistrate Judge

cc: All Counsel of Record

# EXHIBIT "1"

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| THE NATIONAL ORGANIZATION FOR MARRIAGE,<br><br>       Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA, INTERNAL REVENUE SERVICE,<br><br>       Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. 13-01225-JCC-IDD<br>)<br>)<br>)<br>)<br>)<br>) |

I_____, being duly sworn, state that:

1. My address is _____.

2. My present employer is _____ and the address of my present employment is _____.

3. My present occupation or job description is _____.

4. I have carefully read and understood the provisions of the Discovery Confidentiality Order in this case signed by the Court, and I will comply with all provisions of the Discovery Confidentiality Order.

5. I will hold in confidence and not disclose to anyone not qualified under the Discovery Confidentiality Order any Confidential Material or any words, summaries, abstracts, or indices of Confidential Information disclosed to me.

6. I will limit use of Confidential Material disclosed to me solely for purposes permitted by the terms of the Discovery Confidentiality Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:_____        _____
                                 [Name]