UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| The NATIONAL ORGANIZATION FOR MARRIAGE, INC., *Plaintiff*, v. The UNITED STATES OF AMERICA, INTERNAL REVENUE SERVICE, *Defendant*. | Civ. No. 13-cv-1225-JCC/IDD |

**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM MATTHEW S. MEISEL AND FOR IN CAMERA REVIEW**

ARGUMENT

I. **Meisel's Act of Producing the Requested Documents is Not Testimonial and Therefore No Fifth Amendment Rights are Implicated.**

Mr. Meisel provides no support for his claim that this Court must first determine whether his act of producing the requested documents would pose a real and substantial risk of self-incrimination. (Opp. to Pl's Motion to Compel at 1-2, hereafter "Opp."). In fact, Mr. Meisel's burden here is to demonstrate that *each* of three elements is present: 1) compulsion, (2) a testimonial communication or act; and (3) incrimination. *See e.g.*, *United States v. Hubbell*, 167 F.3d 552, 567 (D.C. Cir. 1999), *aff'd by United States v. Hubbell*, 530 U.S. 27 (citing *Fisher v. United States*, 425 U.S. 391, 409 (1976)). If one of these elements is not present, the inquiry ends, and the documents must be produced. *See, e.g.*, *United States v. Doe (In re Grand Jury Subpoena Duces Tecum)*, 670 F.3d 1335, 1344 (11th Cir. 2012) (analyzing only testimonial element of Fifth Amendment claim where elements of compulsion and incrimination were not in dispute). This Court need not proceed any further than the "testimonial" element of Mr. Meisel's claim to

1

conclude that Mr. Meisel Fifth Amendment rights are not implicated by the very production of the requested documents.

> **A. The Existence, Possession, and Authenticity of NOM's 2007 and Amended 2008 IRS Form 990s, IRS Form 4506-A, and the 3983C Letter (the "IRS Documents") are a Foregone Conclusion Because the Government Prepared, Possessed, or Transmitted Each of These Documents to Mr. Meisel.**

Contrary to Mr. Meisel's assertion, NOM's and the Government's knowledge regarding the existence and Mr. Meisel's possession of the IRS Documents is not based on assumptions about how IRS procedure normally works. (Opp. at 11, 11 n.6, 13, 15.) Rather, it is primarily premised on the testimony of the Government, which has sworn under oath to the following facts:

- Mr. Meisel requested copies of NOM's tax returns by submitting an IRS Form 4506-A to the IRS around January, 2011. (Exhibit C at 4 ¶(c).)[1]
- Mr. Meisel's IRS Form 4506-A requested copies of NOM's 2007 and 2008 Form 990s, including the attached Schedule B. (*Id*. at 4 ¶(c), (q).)
- The IRS prepared and produced to Mr. Meisel copies of NOM's 2007 and Amended 2008 Form 990s, including an unredacted copy of NOM's 2008 Schedule B, in response to Mr. Meisel's IRS Form 4506-A. (*Id*.)
- The IRS prepared and produced to Mr. Meisel a 3983C letter in response to Mr. Meisel's IRS Form 4506-A. (*Id*. at 9 ¶(w).)

The IRS Documents were prepared by, possessed by, or transmitted to Mr. Meisel by the Government.[2] This motion thus presents facts similar to those in *Fisher* and *United States v. Ponds*, 454 F.3d 313 (D.C. Cir. 2006), where the Courts held the requesting party's knowledge was sufficient to render the defendant's act of producing the requested document's non-

---

[1] As part of his claim that his act of producing the requested documents would incriminate him, Mr. Meisel admits that the fact that he requested the documents is probative of whether he possesses them. (Opp. at 7 ("proving that Mr. Meisel *requested* the documents would bolster an eventual prosecution's case that he eventually *possessed* them").)

[2] Although the Government's *sworn* testimony is sufficient to demonstrate the requisite knowledge, the Government did provide some documents to support its interrogatory responses, some of which are subject to the parties' confidentiality order.

testimonial. In *Fisher*, the act of producing the requested documents was not testimonial in nature because the government presented testimony through which it demonstrated that the requested documents previously belonged to and were prepared by a third party for the defendant. Thus, "the Government [was] in no way relying on the 'truthtelling' of the taxpayer to prove the existence of or [the defendant's] access to the documents." *Fisher*, 425 U.S. at 391 ("The question is not of testimony but of surrender."). Similarly, in *Ponds*, the existence, possession, and authenticity of the requested correspondence were a "foregone conclusion" because, "the government must have known of the existence of the documents … because it was a party that correspondence." 454 F.3d at 325 ("Because the government already had sufficient knowledge about the … documents, Ponds was simply surrendering them, not testifying, by complying with those demands in the subpoena."); *see also United States v. Doe (In re Grand Jury Subpoena Duces Tecum)*, 670 F.3d 1335, 1344 (11th Cir. 2012) (adopting reasonable particularity standard of *Ponds*); *In re Grand Jury Subpoena, Dated April 18, 2003*, 383 F.3d 905, 910 (9th Cir. 2004) (same).

The same circumstances present in *Fisher* and *Ponds* are present here. The Government possessed and prepared the IRS Documents and was also a party to correspondence that included those documents. Mr. Meisel's act of producing these documents is therefore a "foregone conclusion" and not testimonial.[3]

---

[3] Mr. Meisel also supports his arguments with the bizarre suggestion that NOM and the Government's knowledge of the IRS Documents is insufficient because neither party can produce those documents itself. (Opp. at 13.) Of course, if NOM or the Government could produce these documents the instant motion would be unnecessary. Indeed, NOM is unaware of any case (and Mr. Meisel cites none) where the requesting party must possess the documents of which it had moved to compel production. That fact that NOM and the Government do not possess the requested documents does nothing to undermine NOM's knowledge.

### B. The Communications with Mr. Meisel's "Promising Conduit" are a Foregone Conclusion.

Contrary to Mr. Meisel's contentions, NOM's knowledge regarding Mr. Meisel's communications with his "promising conduit" is not insufficient to overcome Mr. Meisel's Fifth Amendment rights because NOM has not described the nature of those communications with detail. (Opp. at 16.) NOM is "not required to have actual knowledge of the existence and location of each and every responsive document." *Doe v. United States (In re Grand Jury Subpoena)*, 383 F.3d 905, 910 (9th Cir. 2004). Rather, "to be consistent with *Fisher*, in which there is no indication that the government knew of each document within the set of documents of which it was aware, the 'reasonable particularity' standard cannot demand that the subpoena name every scrap of paper that is produced." *Ponds*, 454 F.3d at 325. Mr. Meisel cannot avoid, pursuant to the "act of production" privilege, producing documents the existence of which he has voluntarily "implicitly acknowledged" or "indirectly admitted." *United States v. Rue,* 819 F.2d 1488, 1494 (8th Cir. 1987). Their existence and possession is a foregone conclusion. *Id.*; *see also* Motion to Compel at 15-16.

Nor can Mr. Meisel avoid disclosing details regarding the subject matter of documents he has *voluntarily* admitted into evidence. *Envtl. Def. Fund, Inc. v. Lamphier*, 714 F.2d 331, 339 (4th Cir. 1983). Circuit authority holds that even "[w]here incriminating facts have been voluntarily revealed, the fifth amendment privilege may not then be invoked to avoid disclosure of the details." *Id.* (defendant waived his right to avoid testifying about the details of the contents of letters he voluntarily introduced into evidence) (citing *Rogers v. United States*, 340 U.S. 367, 373 (1951)); *see also Colorado v. Spring*, 479 U.S. 564, 572 (1987) (a defendant "may waive his Fifth Amendment privilege," where "waiver is made voluntarily, knowingly and intelligently.").

It is irrelevant to the "testimonial" aspect of the "act of production" privilege whether the act of production poses a risk of incrimination. (Opp. at 16.) What is relevant—and what has been demonstrated with the help of Mr. Meisel's own voluntary production—is that NOM and the Government have sufficient knowledge that these communications exist and Mr. Meisel is not needed to authenticate them. *See* Motion to Compel at 16-17. They should be produced.

### II. Mr. Meisel Has Not Demonstrated a Real and Substantial Fear of Prosecution Stemming From the Mere Act of Producing the Requested Documents.

#### A. Public Statements by NOM Concerning Mr. Meisel Are Irrelevant.

Fundamentally, NOM's suspicions of Mr. Meisel's guilt or any public statements regarding his criminal prosecution are not determinative of whether Mr. Meisel's act of producing the requested documents poses a real and substantial risk of self-incrimination.[4] NOM cannot determine Mr. Meisel's guilt, nor can it force the Government to prosecute Mr. Meisel. These recitations by Mr. Meisel serve only to distract from the relevant issues. The burden falls squarely on Mr. Meisel to demonstrate that *his* acts pose a substantial risk of incriminating him. Indeed, "'[i]n order to invoke the privilege it is necessary to show that the compelled disclosures will themselves confront the claimant with 'substantial hazards of self-incrimination.'" *United States v. San Juan*, 405 F. Supp. 686, 691 (D. Vt. 1975) (*quoting California v. Byers*, 402 U.S. 424, 429 (1971)).

#### B. The Act of Producing the Requested Documents Does Not Provide a Link in the Chain That Will Lead to Mr. Meisel's Prosecution.

If compelled to produce the requested documents, Mr. Meisel posits that he faces a real and substantial risk of being prosecuted for violating 26 U.S.C. § 7213 (Opp. at 2), which makes

---

[4] NOM's statements regarding the *Government's* culpability are equally irrelevant to whether Mr. Meisel's fears of prosecution are substantial and real.

it a crime for any person to wilfully "print or publish" a tax return if that return was disclosed in a manner not authorized by law.[5] Mr. Meisel is wrong.

At the outset, Mr. Meisel's version of the Government's burden of proof in a potential prosecution under Section 7213 is fundamentally flawed. Mr. Meisel simply lays out what, in his own belief, are the facts the Government must prove in order to successfully prosecute him and then proceeds to explain why each fact is established by his production of the requested documents. (Opp. at 10.) Mr. Meisel conveniently omits the two core elements of a Section 7213 offense: (1) a willful act of printing or publishing by Mr. Meisel (2) of tax return information that was disclosed in an unauthorized manner. Mr. Meisel may not establish a substantial risk of prosecution under a version of the crime that does not comport with the actual statute. At minimum, the Government need not establish at least the first four facts recited by Mr. Meisel. (Opp. at 10.)

As Mr. Meisel concedes, his production of copies of NOM's 2007 and Amended 2008 Schedule B would establish nothing more than that Mr. Meisel "obtained them." (Opp. at 6.) More possession of NOM's tax returns—even an unredacted Schedule B—is not, itself, illegal. Nor could the fact of that possession provide a link to establishing that Mr. Meisel came into that possession through a means not authorized by law, which is a necessary element of an offense under Section 7213. In fact, NOM, which may obtain unredacted copies of its own tax returns, was subject to examination by the Treasury Inspector General for Tax Administration's ("TIGTA") investigation. This investigation included questioning by federal law enforcement

---

[5] Mr. Meisel also posits that the Government may be able to conjure other theories of liability because the federal criminal code book is "overstuffed." (Opp. at 3.) Mr. Meisel's hypothesizing demonstrates nothing more than a trifling or imaginary, hazard[] of incrimination," which is insufficient to sustain a Fifth Amendment claim. *United States v. Doe*, 465 U.S. 605, 614 (1984)

officials of NOM's President Brian Brown into whether NOM was the source of the document posted on the Internet by Human Rights Campaign and published by The Huffington Post.

Mr. Meisel's arguments concerning the IRS Form 4506-A are even less availing. (Opp. at 7.) The content of this document is irrelevant to whether its production is incriminating. (Motion to Compel at 18.)The Government would thus learn nothing more from its production than Mr. Meisel possesses an IRS Form 4506-A, a wholly innocent fact, which the government has already testified to. Even when considered, the contents do not make Mr. Meisel's production of the form any more incriminating, for it would prove only that he possessed a lawful request for copies of NOM's tax returns. Lastly, Mr. Meisel contradicts himself when he claims that the Government could prosecute him under a conspiracy theory "even if [it] were never able to prove that [Mr. Meisel] actually received the document" (Opp. at 7), while also claiming that to prosecute him "the government would have to prove that he actually *obtained* them," (Opp. at 6.) Mr. Meisel cannot have it both ways.

Mr. Meisel claims his act of producing the IRS 3983C letter is "only barely less incriminating…than…produc[ing] the tax returns themselves." (Opp. at 7.) If that is the case, then its production does not implicate his Fifth Amendment rights. Indeed, the 3983C letter demonstrates possibly two things: (1) that Mr. Meisel received a 3983C letter from the IRS; and, by implication (2) that Mr. Meisel submitted an IRS Form 4506-A. Neither of these facts could aid the Government is proving that Mr. Meisel's receipt of NOM's tax returns was "unauthorized" or that Mr. Meisel "print[ed] or publish[ed]" those returns. *See* 26 U.S.C. § 7213.

Without explanation, Mr. Meisel claims that his act of producing communications with his "promising conduit" could expose him to a real and substantial risk of prosecution under the general federal conspiracy statute. (Opp. at 6 n.5 (citing 18 U.S.C. S 371).) This claim, of course,

inappropriately relies on the contents of the documents, which are not privileged. *Doe*, 465 U.S. at 612 n.10 ("If the party asserting the Fifth Amendment privilege has voluntarily compiled the document, no compulsion is present and the contents of the document are not privileged."). The mere production of these documents admits nothing more than Mr. Meisel engaged in communications with another individual. Even if that individual is an employee of the federal government as NOM contends, that concession is harmless.

Because Mr. Meisel's fears of prosecution are neither real nor substantial, his Fifth Amendment objections fail and he must produce the requested documents.

### III. Each Requested Document Should Be Submitted for *In Camera* Review.

To his credit, Mr. Meisel concedes that the communications concerning the "promising conduit" should be reviewed *in camera* to determine whether their production would pose a substantial risk of incrimination. (Opp. 18.) Further, because it is this Court, not Mr. Meisel that must determine the validity of his objections, NOM requests that all the requested documents should be submitted for *in camera* review. In light of the March 14, 2014 close of discovery in this case, NOM respectfully that the Court's *in camera* review be conducted expeditiously.

Respectfully submitted this 27th day of February 2014,

                                                /s/
                                 Jason Torchinsky (Va. 47481)
                                 Shawn Toomey Sheehy (Va. 82630)
                                 Holtzman Vogel Josefiak PLLC
                                 45 North Hill Drive, Suite 100
                                 Warrenton, VA 20186
                                 (540) 341-8808 (telephone)
                                 (540) 341-8809 (fax)
                                 jtorchinsky@hvjlaw.com
                                 ssheehy@hvjlaw.com

*Counsel for Plaintiff*

John C. Eastman (Cal. 193726)*
Anthony T. Caso (Cal. 88561)*
Center for Constitutional Jurisprudence
c/o Chapman University School of Law
One University Drive
Orange, CA 92866
(877) 855-3330 x2 (telephone)
(714) 844-4817 (fax)
jeastman@chapman.edu
caso@chapman.edu
*Counsel for Plaintiff*

Cleta Mitchell, of counsel
(D.C. 433386)*
William E. Davis, of counsel
(D.C. 280057)*
Mathew D. Gutierrez, of counsel
(Fla. 0094014)*
Kaylan L. Phillips (Ind. 30405-84)*
Noel H. Johnson (Wisc. 1068004)*
ACTRIGHT LEGAL FOUNDATION
209 West Main Street
Plainfield, IN 46168
(317) 203-5599 (telephone)
(888) 815-5641 (fax)
cmitchell@foley.com
wdavis@foley.com
mgutierrez@foley.com
kphillips@actrightlegal.org
njohnson@actrightlegal.org
*Counsel for Plaintiff*

* Admitted *Pro Hac Vice*

## Certificate of Service

I hereby certify that on February 27, 2013, I served the foregoing Reply Memorandum In Support of Plaintiff's Motion to Compel Production of Documents from Matthew S. Meisel and for In Camera Review on registered users via CM/ECF:

Christopher D. Belen
U.S. Department of Justice - Tax Division
PO Box 227
Ben Franklin Station
Washington, DC 20044
(202) 307-2089 (telephone)
(202) 514-6866 (fax)
Christopher.D.Belen@usdoj.gov

David Moskowitz
U.S. Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
(703) 299-3845 (telephone)
(703) 299-3983 (fax)
david.moskowitz@usdoj.gov

Allison Lansell
Justin Dillon
The Kaiser Law Firm PLLC
1400 Eye Street NW
Suite 525
Washington, DC 20005

                                                /s/
                                    Jason Torchinsky (Va. 47481)
                                    Shawn Toomey Sheehy (Va. 82630)
                                    Holtzman Vogel Josefiak PLLC
                                    45 North Hill Drive, Suite 100
                                    Warrenton, VA 20186
                                    (540) 341-8808 (telephone)
                                    (540) 341-8809 (fax)
                                    jtorchinsky@hvjlaw.com